UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO HURTADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART STORES, INC./STORE #5134,<br><br>　　　　　Defendant. | Case No.: 1:14-cv-01706 - --- - JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

In this action, Pablo Hurtado is suing his employer, Walmart Stores, for denying him "promotional opportunities, equal pay and an environment free of discrimination based upon … sex-gender, filling stereo typed roles and positions based on genders." (Doc. 1 at 2) He seeks to proceed *pro se* and *in forma pauperis*. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, because Plaintiff fails to state a cognizable claim, his complaint is **DISMISSED with leave to amend**.

I.     **Motion to proceed in forma pauperis**

The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed Plaintiff's application and has determined his affidavit satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

1

## II. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner, and identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than

a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted).  When factual allegations in a complaint are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief.  *Id.*  However, legal conclusions are not entitled to the same assumption of truth.  *Id.*  Leave to amend a complaint may be granted when its deficiencies can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV.     Title VII Claims

Plaintiff fails to identify any federal law under which he seeks to proceed.  However, assuming Plaintiff is attempting to state a claim under Title VII, 42 U.S.C. § 2000e-2 provides that it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  The Supreme Court determined this guarantees "the right to work in an environment free from discriminatory intimidation, ridicule, and insult." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986).

A plaintiff may show racial discrimination in violation of Title VII by proving disparate treatment or impact, or by establishing the existence of a hostile work environment. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir. 1991) (citing Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977); Jordan v. Clark, 847 F.2d 1368, 1373 (9th Cir. 1988); EEOC v. Borden's, Inc., 724 F.2d 1390, 1392 (9th Cir. 1984)).

Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998).  The Supreme Court instructs that a court must consider "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Morgan, 536 U.S. at 116 (citation omitted).

"[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (internal quotation marks and citations omitted).  Further, the requisite level of severity "varies inversely with the pervasiveness or frequency of the conduct." Ellison v. Brady, 924 F.2d 872, 878 (9th Cir. 1991).

To prevail on a hostile work environment claim, "a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial . . . nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003); see also Dawson v. Entek Int'l, 630 F.3d 928, 939 (9th Cir. 2011).  A plaintiff must demonstrate "the conduct at issue was both objectively and subjectively offensive: he must show that a reasonable person would find the work environment to be 'hostile or abusive,' and that he in fact did perceive it to be so." Dawson, 630 F.3d at 938 (quoting Faragher, 524 U.S. at 787).

In his complaint, Plaintiff's allegations are sparse.  He asserts that,

> Walmart denied Hr. Hurtado promotional opportunities, equal pay, creating a hostile environment against males including himself. Double standards for male and females on policys and procedures in promotion process. Walmart failing to tell the truth in the Department of Fair Employment and Housing investigation.

(Doc. 1 at 2)  Likewise, he asserts,

> This is an action to correct being denied promotional opportunities, equal pay and on environment free of discrimination based on my sex-gender, filling stereo typed roles and positions based on genders.

Id.  Notably, Plaintiff fails to provide any factual support for these details.  Instead, he attaches correspondence he had with the EEOC and the DFEH.  Id. at 3-17.  At least in part, these documents undercut his claim that he suffered discrimination and demonstrate that the investigating administrative agencies found insufficient evidence to support Plaintiff's claims. Id.

In any event, as noted above, Plaintiff is obligated to set forth a concise statement of factual allegations to support his conclusions that Defendant engaged in wrongdoing but he has failed to do so.  Moreover, Plaintiff has failed to identify any authority—statutory or

4

otherwise—supporting this Court's jurisdiction and fails to set forth any federal law or authority under which he seeks to proceed.[1]  As a result, Plaintiff has failed to set forth any cognizable claim and the complaint must be **DISMISSED with leave to amend.**

### VII.    Conclusion and Order

A plaintiff should be granted leave to amend when the deficiencies of the complaint can be cured by amendment.  *Lopez*, 203 F.3d at 1130.  A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle her to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In this case, it is unclear whether Plaintiff may allege facts supporting his stated conclusions that Defendant violated any of his rights provided by federal law.  Therefore, the Court will grant leave for Plaintiff to cure the deficiencies identified above by stating facts sufficient to support claims against the Defendant.  The amended pleading must bear the docket number assigned this case and must be labeled "First Amended Complaint."

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires and amended complaint be "complete in itself without reference to the prior or superseded pleading."  As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, once Plaintiff files a First Amended Complaint, the original complaint no longer serves any function in the case.  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

Moreover, Plaintiff is advised that, while he may attach documents to his complaint, these attachments cannot take the place of well-pleaded factual allegations that must appear in the body of the complaint.

---

[1] For example, the Court cannot determine if he seeks to sue under federal law or if he claims there is diversity jurisdiction.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is **DISMISSED** with leave to amend;
2. Plaintiff **SHALL** file a First Amended Complaint within thirty days from the date of service of this Order; and
3. <u>Plaintiff is advised that the action may be dismissed for failure to comply with this Order</u>. *See e.g. Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing the action for failure to comply with an order requiring amendment of complaint).

IT IS SO ORDERED.

Dated:   **November 5, 2014**            **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE