1
2
3
4
5
6
7
8             UNITED STATES DISTRICT COURT
9             EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| PABLO HURTADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALMART STORES, INC./STORE #5134,<br><br>　　　　Defendant. | Case No.: 1:14-cv-01706 - --- - JLT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE DATED JANUARY 29, 2015 (Doc. 7)<br><br>ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT |

　　　　Plaintiff Pablo Hurtado initiated this action by filing complaint against his employer, Walmart Stores, because he claims that they denied him promotions and required him to collect shopping carts based upon his gender. (Doc. 5 at 2). On December 23, 2014, the Court determined Plaintiff failed to allege facts sufficient to support the claims for relief, and dismissed the complaint with leave to amend. (Doc. 6.) Plaintiff was ordered to file a second amended complaint within thirty days of the date of service, or no later than January 26, 2015. (*Id.* at 4). Plaintiff failed to file an amended complaint, and as a result the Court issued an order to show cause why the action should not be dismissed. (Doc. 7.)

　　　　Plaintiff filed a timely response to the Court's order on February 12, 2015. (Doc. 8.) He explained that he has been seeking assistance with filing an amended complaint, both by visiting a law library and contacting lawyers to find one willing to take his case on a pro bono basis. (*Id.* at 2.) However, he has been unable to find a lawyer to represent him in this action. (*Id.*) Further, Plaintiff reports that he has been having difficulty with the costs related to copying and mailing his pleadings

and exhibits, and the costs to do so have been approximately $50 for four copies, including one copy for the court, two copies for service, and one for himself.  (*Id.* at 1.)

As the Court previously informed Plaintiff, he is not required to attach exhibits to his complaint and, indeed, the Court will not cull through these exhibits in an attempt to find a cognizable claim. Thus, it is not necessary to copy 80 pages of exhibits when filing a complaint.  Rather, the body of a complaint must set forth *factual* allegations—rather than conclusions—as to each element of the prima facie case such to give the defendants fair notice of the claims Plaintiff is pursuing.  *See* Fed. R. Civ. P. 8.  Likewise, Plaintiff is not required to state legal authority to support his claims.  Finally, Plaintiff is advised that until service of the complaint is authorized by the Court, he has no need to obtain copies of the complaint for service.

Because Plaintiff reports that he is seeking assistance with preparation of the complaint, the Court will grant Plaintiff an extension of time to file his second amended complaint.  Accordingly, the Court **ORDERS**:

1. The Order to Show Cause dated January 29, 2015 (Doc. 7) is **DISCHARGED**;
2. Plaintiff is **GRANTED** an extension of time to file his second amended complaint; and
3. Plaintiff **SHALL** file a second amended complaint no later than **March 13, 2015**.

**Plaintiff is advised that failure to comply with this order will result in the recommendation that the action be dismissed for failure to prosecute pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **February 17, 2015**                    */s/ Jennifer L. Thurston*
                                                   UNITED STATES MAGISTRATE JUDGE